IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| FASTVDO LLC,<br><br>        Plaintiff,<br><br>v.<br><br>HUAWEI TECHNOLOGIES CO., LTD.;<br>HUAWEI DEVICE CO., LTD.;<br>HUAWEI TECHNOLOGIES USA INC.;<br>HUAWEI DEVICE USA, INC.; and<br>FUTUREWEI TECHNOLOGIES, INC.,<br><br>        Defendants. | Case No. 2:15-cv-00922-RWS-RSP<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' ANSWER, COUNTERCLAIMS AND
DEFENSES TO FIRST AMENDED COMPLAINT (DKT. NO. 18)**

Defendants-Counterclaimants Huawei Technologies Co., Ltd., Huawei Device Co., Ltd., Huawei Technologies USA Inc., Huawei Device USA Inc., and Futurewei Technologies, Inc. (collectively, "Huawei" or "Defendants") by and through their attorneys hereby respond to the First Amended Complaint (Dkt. No. 18, "Complaint") by Plaintiff FastVDO LLC ("FastVDO"). To the extent that any allegations of the Complaint are not specifically admitted, denied or otherwise responded to in this Answer, Huawei hereby denies them.

**RESPONSE TO ALLEGATIONS CONCERNING THE BACKGROUND**

1. Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph 1 of the Complaint, and on that basis denies them.

2. Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph 2 of the Complaint, and on that basis denies them.

3. Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph 3 of the Complaint, and on that basis denies them.

4. Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph 4 of the Complaint, and on that basis denies them.

## RESPONSE TO ALLEGATIONS CONCERNING THE PARTIES

5. Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph 5 of the Complaint, and on that basis denies them.

6. Huawei Technologies Co., Ltd. is a corporation organized and existing under the laws of the People's Republic of China with a principal place of business at Bantian Longgan District, Shenzhen, 518129, China.

7. Huawei Device Co., Ltd. is a corporation organized and existing under the laws of the People's Republic of China with a principal place of business at Bantian Longgan District, Shenzhen, 518129, China.

8. Huawei Technologies USA Inc. is a corporation organized under the laws of the state of Texas with its principal place of business located at 5700 Tennyson Parkway, Suite 500, Plano, Texas 75024.

9. Huawei Device USA Inc. is a corporation organized under the laws of the state of Texas with a principal place of business located at 5700 Tennyson Parkway, Suite 600, Plano, Texas 75024.

10.     Futurewei Technologies, Inc. is a corporation organized under the laws of the state of Texas with a principal place of business located at 2330 Central Expressway, Santa Clara, California 95050.

11.     Defendants are wholly-owned subsidiaries of Huawei Investment & Holding Co., Ltd.

### RESPONSE TO ALLEGATIONS CONCERNING JURISDICTION AND VENUE

12.     Huawei admits that the Complaint has invoked 35 U.S.C. § 1 *et seq.*, including § 271, but denies any liability arising under these claims and denies FastVDO is entitled to any relief, including any relief under 35 U.S.C. § 1 *et seq.*

13.     Huawei admits that the Complaint has invoked 28 U.S.C. §§ 1331 and 1338(a) as the basis for subject matter jurisdiction in this Court.  Huawei denies that the Patent-in-Suit contains patent-eligible subject matter.

14.     For the purposes of this lawsuit only, Huawei admits that this Court has personal jurisdiction over Huawei Technologies Co., Ltd., Huawei Device Co., Ltd., Huawei Technologies USA Inc., Huawei Device USA Inc., and Futurewei Technologies, Inc.  Huawei denies that it has committed or continues to commit any act of infringement, whether in this District, in the state of Texas, or throughout the United States.  To the extent paragraph 14 contains any remaining allegations requiring a response, they are denied.

15.     For the purposes of this lawsuit only, venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b). However, Huawei denies that venue in this District is convenient or in the interest of justice under 28 U.S.C. § 1404(a), *et al.*, and reserves its rights to move to transfer venue of this action accordingly.  To the extent paragraph 15 contains any remaining allegations requiring a response, they are denied.

### COUNT I:  RESPONSE TO ALLEGATIONS CONCERNING INFRINGEMENT OF U.S. PATENT NO. 5,850,482

16.     Paragraph 16 needs no response.

17.     Huawei admits that a copy of U.S. Patent No. 5,850,482 ("the '482 Patent") was attached to the Complaint as Exhibit A.  To the extent paragraph 17 contains any remaining allegations requiring a response, Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

18.     Paragraph 18 sets forth legal conclusions to which no response is required.  To the extent paragraph 18 contains any remaining allegations requiring a response, they are denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

## RESPONSE TO FASTVDO'S PRAYER FOR RELIEF

To the extent that any response to the requested relief in the Complaint (¶¶ A-D) is required, Huawei denies that FastVDO has any valid claim pursuant to 35 U.S.C. § 271 *et seq*. Huawei further denies that it has violated any of the patent laws of the United States with respect to the '482 Patent.  Huawei further denies that FastVDO is entitled to any of its requested relief, including that specified in paragraphs (A–D) of FastVDO's Prayer for Relief.

## JURY DEMAND

Huawei also demands a jury trial.

## DEFENSES

Subject to its responses above, and upon information and belief, Huawei alleges and asserts the following defenses in response to the allegations of the Complaint.  Regardless of how such defenses are listed herein, Huawei undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law.  In addition to the defenses described below, Huawei specifically reserves all rights to allege additional defenses pursuant to any docket control order or that becomes known through the course of this action.

## FIRST DEFENSE—FAILURE TO STATE A CLAIM

23. FastVDO's Complaint fails to state a claim upon which relief can be granted because Huawei has not performed any act and is not proposing to perform any act in violation of any rights validly belonging to FastVDO.

## SECOND DEFENSE—NON-INFRINGEMENT

24. Huawei has not infringed and does not infringe any valid and enforceable claim of the '482 Patent, either literally or under the doctrine of equivalents, directly or indirectly, willfully or otherwise.

## THIRD DEFENSE—INVALIDITY

25. Claims of the '482 Patent are invalid for failure to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

## FOURTH DEFENSE—EQUITABLE DOCTRINES

26. FastVDO's claims of infringement against Huawei regarding the '482 Patent are barred in whole or in part by the doctrines of waiver, estoppel, laches, unclean hands, acquiescence, and/or other applicable equitable doctrines.

## FIFTH DEFENSE—MARKING AND DAMAGES LIMITATIONS

27. FastVDO's claim for damages is limited under at least 35 U.S.C. §§ 286, 287, and/or 288.

## SIXTH DEFENSE—EXHAUSTION AND IMPLIED LICENSE

28. FastVDO's claims, in whole or in part, are barred by the doctrines of patent exhaustion and/or implied license.

## SEVENTH DEFENSE—PROSECUTION HISTORY ESTOPPEL

29. The claims of the '482 Patent are limited by the text of their respective specifications, the prosecution history, and/or the prior art such that FastVDO is estopped, or

otherwise precluded, from asserting that any claim is infringed by Huawei, either literally or by equivalents.

## EIGHTH DEFENSE—FASTVDO LACKS STANDING

30. On information and belief, FastVDO lacks standing to sue for infringement of the '482 Patent.

## NINTH DEFENSE—LACHES

31. FastVDO claims are barred in whole or in part by the doctrine of laches, including without limitation, the doctrine of prosecution laches.

## HUAWEI'S COUNTERCLAIMS

32. Counterclaim-Plaintiffs Huawei Technologies Co., Ltd., Huawei Device Co., Ltd., Huawei Technologies USA Inc., Huawei Device USA Inc., and Futurewei Technologies, Inc. (collectively, "Huawei" or "Counterclaim-Plaintiffs") counterclaims against Counterclaim-Defendant FastVDO LLC ("FastVDO") as follows:

## THE PARTIES

33. Huawei Technologies Co., Ltd. is a corporation organized and existing under the laws of the People's Republic of China with a principal place of business at Bantian Longgan District, Shenzhen, 518129, China.

34. Huawei Device Co., Ltd. is a corporation organized and existing under the laws of the People's Republic of China with a principal place of business at Bantian Longgan District, Shenzhen, 518129, China.

35. Huawei Technologies USA Inc. is a corporation organized under the laws of the state of Texas with its principal place of business located at 5700 Tennyson Parkway, Suite 500, Plano, Texas 75024.

36. Huawei Device USA Inc. is a corporation organized under the laws of the state of Texas with a principal place of business located at 5700 Tennyson Parkway, Suite 600, Plano, Texas 75024.

37. Futurewei Technologies, Inc. is a corporation organized under the laws of the state of Texas with a principal place of business located at 2330 Central Expressway, Santa Clara, California 95050.

38. According to FastVDO's Complaint, FastVDO alleges that it is a Florida limited liability corporation with a principal place of business at 3097 Cortona Drive, Melbourne, Florida 32940.

## JURISDICTION AND VENUE

39. If subject matter jurisdiction is proper for FastVDO's claims, this Court has jurisdiction over these Counterclaims pursuant to, and without limitation, 28 U.S.C. §§ 1331, 1337, 1338(a), 1367, 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

40. FastVDO is subject to personal jurisdiction in this District arising out of its purposeful acts and/or transactions directed toward this District, including but not limited to FastVDO specifically availing itself of the jurisdiction of this Court by filing the Complaint.

41. FastVDO has subjected itself to the personal jurisdiction of this Court by instituting this action.

42. If venue in the Eastern District of Texas is proper for FastVDO's claims, then venue is proper in this judicial district as to these Counterclaims at least under 28 U.S.C. §§ 1391 and 1400.

43. An actual and justiciable controversy exists between Counterclaim-Plaintiffs and FastVDO. FastVDO has asserted that Counterclaim-Plaintiffs infringe one or more claims of the '482 Patent. Counterclaim-Plaintiffs deny that they infringe any claim of the '482 Patent, and further contend that any relevant claim of the '482 Patent is invalid.

## FIRST COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,850,482)**

44. Huawei herein incorporates by reference the allegations in paragraphs 32 through 43 of its Counterclaims.

45. By virtue of FastVDO suing Huawei in this action and as described above, there exists an actual and justiciable controversy regarding the non-infringement of the '482 Patent by Huawei.

46. Huawei has not infringed and does not infringe any valid and enforceable claim of the '482 Patent. FastVDO continued assertion that Huawei infringes the '482 Patent will thereby continue to cause Huawei irreparable injury.

47. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Huawei is entitled to a declaration by this Court that Huawei does not infringe any claim of the '482 Patent under any theory, either directly or indirectly (by way of inducement and/or contributory infringement), literally or through the doctrine of equivalents, willfully or otherwise. Accordingly, Huawei requests a judicial determination of its rights, duties, and obligations with regard to the '482 Patent.

48. This is an exceptional case entitling Huawei to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## SECOND COUNTERCLAIM

**(Declaratory Judgment of Invalidity of U.S. Patent No. 5,850,482)**

49. Huawei herein incorporates by reference the allegations in paragraphs 32 through 48 of its Counterclaims.

50. By virtue of FastVDO's suing Huawei in this action and as described above, there exists an actual and justiciable controversy regarding the validity of the '482 Patent.

51. Huawei has not infringed and does not infringe any valid and enforceable claim of the '482 Patent. FastVDO continued assertion that Huawei infringes the '482 Patent will thereby continue to cause Huawei irreparable injury.

52.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the Patent Act, 35 U.S.C. § 100 *et seq*., Huawei requests a declaration by this Court that the claims of the '482 Patent are invalid.  A judicial declaration is necessary and appropriate so that Huawei may ascertain its rights regarding the '482 Patent.

53.     This is an exceptional case entitling Huawei to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

54.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Huawei demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

Huawei prays for judgment against FastVDO as follows:

A.     Dismiss FastVDO's Complaint with prejudice and order that FastVDO take nothing from Huawei;

B.     Enter judgment in favor of Huawei and against FastVDO on FastVDO's claims for patent infringement.

C.     A declaration that Huawei has not infringed and does not infringe in any manner any claim of the '482 Patent;

D.     A declaration that each claim of the '482 Patent is invalid;

E.     Enjoin FastVDO, FastVDO's agents, and all persons acting in concert with FastVDO from asserting against Huawei or its customers claims for infringement of the '482 Patent;

F.     An order declaring that Huawei is the prevailing party and that this is an exceptional case, awarding Huawei its costs, expenses, disbursements, and reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

G.     An order awarding Huawei its costs and expenses of litigation, including attorneys' fees and expert witness fees; and

H.      For such other and further relief, in law or in equity, as this Court deems just.

Dated: October 19, 2015              Respectfully Submitted,

LEE TRAN & LIANG LLP

By:  */s/ Enoch H. Liang*
Enoch H. Liang (Cal. SBN 212324) *Lead Attorney*
enoch.liang@ltlattorneys.com

Heather F. Auyang (Cal. SBN 191776)
heather.auyang@ltlattorneys.com

601 Gateway Blvd., Suite 1010
South San Francisco, CA 94080
Telephone: (650) 241-2140
Facsimile: (213) 612-3773

Timothy S. Fox (Cal. SBN 280918)
timothy.fox@ltlattorneys.com

601 S. Figueroa Street, Suite 3900
Los Angeles, CA 90017
Telephone: (213) 612-8900
Facsimile: (213) 612-3773

*Counsel for Huawei Technologies Co., Ltd., Huawei Device Co., Ltd., Huawei Technologies USA Inc., Huawei Device USA Inc., and Futurewei Technologies, Inc.*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's *CM/ECF* system per Local Rule CV-5(a)(3) on this 19th day of October, 2015.  All other counsel not deemed to have consented to service in such manner will be served via facsimile transmission and/or first class mail.

                    /s/ Heather F. Auyang
                        Heather F. Auyang